IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JAMAL BARR | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIE KNAUER, et al. | : | NO. 07-2888 |


MEMORANDUM & ORDER

McLaughlin, J.                                    June 11, 2008


        Jamal Barr is an inmate at State Correctional

Institution-Graterford.  He has sued the defendants,

administrators and medical staff at Graterford, under 28 U.S.C. §

1983, alleging deliberate indifference to his medical condition.

Three of the defendants, Dr. Felipe Arias, Frank Masino, and Gia

Freeman, have moved to dismiss the plaintiff's claims against

them.  The plaintiff has failed to state a claim upon which

relief can be granted, and the Court will grant the moving

defendants' motion to dismiss.


I.  Facts

        The defendants are administrators and staff members at

Graterford and in the Pennsylvania Department of Corrections.

Julie Knauer is the chief correctional health care administrator at Grateford.  David DiGuglielmo is the warden at Graterford, and responsible for its operation and management.  Sharon Burk is the chief appeal and grievance coordinator in the Department of Corrections.  Sergeant Currant is the property sergeant at Graterford.  Compl. ¶¶ 1-3, 7.

Dr. Felipe Arias, M.D., is the head of Graterford's medical department.  Frank Masino, P.A., and Gia Freeman, P.A., are physicians' assistants in the medical department.

The plaintiff's complaint stems from the confiscation of his electric razor on November 28, 2006.  The plaintiff claims to have a medical condition that he calls "facial derm," and that he has had approval to use the electric razor from physicians at three different correctional institutions.  On November 29, 2006, the plaintiff signed up for sick call to get a copy of the medical approval.  At sick call, the plaintiff spoke with defendants Masino and Freeman about the razor.  Masino confirmed to the plaintiff that the medical approvals for the razor were in his file, but told him that he needed to get approval from Dr. Arias.  Neither Masino nor Freeman examined the plaintiff's face.  Compl. ¶¶ 1, 5-7, 9, 10, 13.

Dr. Arias refused the plaintiff's request for the razor, and the plaintiff filed a grievance with defendant Knauer.

2

Knauer denied the plaintiff's grievance, saying that the plaintiff's request for a razor at S.C.I. Green had been denied in 2005, and that there was no medical documentation about the need for the razor in the plaintiff's file.  Compl. ¶¶ 16-27.

The plaintiff filed a grievance about Knauer's decision with defendant DiGuglielmo, who denied it.  The plaintiff then sent his final appeal to defendant Burk, who denied the grievance and said that DiGuglielmo and Knauer were correct in their handling of the matter, in accordance with Department of Corrections Policy ADM815 (the "Policy").[1]  Compl. ¶¶ 29-34.

The Policy, effective March 6, 2006, says that "all previously authorized electric razors shall be eliminated from the system through attrition.  No new electric razors shall be authorized for outside purchase.  Any medical orders for electric razors shall be forwarded to the Director of the Bureau of Health Care Services.  If approved, the facility's Medical Department

---

[1]    The plaintiff refers to Policy ADM815 in his complaint, but does not attach a copy.  The moving defendants have attached a copy to their motion to dismiss.  The United States Court of Appeals for the Third Circuit has held that although "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings, . . . an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The Policy is integral to the plaintiff's complaint, and the Court will consider it in evaluating the defendants' motion to dismiss.

shall be directed to provide the inmate with an electric razor."
Defs.' Br. Ex. B, Approved Master Commissary List at ¶K-8.

The plaintiff alleges that the defendants acted with
deliberate indifference because they knew of his medical
condition and refused to return the electric razor, jeopardizing
his health and safety and violating his rights under the Eighth
Amendment.  The plaintiff also claims violations of the Fourth
and Fourteenth Amendments.  He seeks a declaratory judgment that
the defendants violated the Constitution, an injunction allowing
him to retain the electric razor, and compensatory and punitive
damages.  The plaintiff also seeks appointment of counsel.


II.  Motion to Dismiss

The moving defendants have filed a motion to dismiss
under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon
which relief can be granted.  The Court accepts as true all of
the factual allegations in the complaint and all reasonable
inferences that can be drawn from them.  Langford v. City of Atl.
City, 235 F.3d 845, 847 (3d Cir. 2000).  In 2007, the United
States Supreme Court held that Fed. R. Civ. P. 8 requires that a
plaintiff include enough factual allegations to establish the
plausibility of recovery.  Bell Atlantic Corp. v. Twombly, 127 S.

Ct. 1955 (2007).[2]  The Supreme Court's contemporaneous <u>Erickson</u>
opinion, however, notes that a <u>pro se</u> complaint must be held to
less stringent standards than formal pleadings drafted by
lawyers.  <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (per
curiam) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).


     A.  <u>Eighth Amendment</u>

     The Court will dismiss the plaintiff's Eighth Amendment
claim under 42 U.S.C. § 1983.  The Supreme Court set forth the
standard for reviewing a prisoner's claims under 42 U.S.C. § 1983
for inadequate or insufficient medical care in <u>Estelle v. Gamble</u>,
429 U.S. 97 (1976).  "[D]eliberate indifference to serious
medical needs of prisoners constitutes the 'unnecessary and
wanton infliction of pain,' proscribed by the Eighth Amendment."
<u>Id.</u> at 104 (citations omitted).

     A medical need rises to the level of "serious" under
<u>Estelle</u> if the condition has been "diagnosed by a physician as
requiring treatment or one that is so obvious that a lay person

---

     [2]     In <u>Phillips</u>, the Third Circuit summarized the Supreme
Court's <u>Twombly</u> formulation of the pleading standard: "'[S]tating
. . . a claim requires a complaint with enough factual matter
(taken as true) to suggest' the required element. This 'does not
impose a probability requirement at the pleading stage,' but
instead 'simply calls for enough facts to raise a reasonable
expectation that discovery will reveal evidence of' the necessary
element." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d.
Cir. 2008) (internal citations omitted).

would easily recognize the necessity for a doctor's attention."
Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347
(3d Cir. 1987) (quoting Pace v. Fauver, 479 F. Supp. 456, 458
(D.N.J. 1979), aff'd, 649 F.2d 860 (3d Cir. 1981)).  The serious
medical need requirement under the Eighth Amendment contemplates
"unnecessary and wanton infliction of pain" where inadequate
treatment would cause an inmate to suffer "life-long handicap or
permanent loss".  Id.  The plaintiff's complaint fails to allege
this level of seriousness.

The plaintiff's complaint of "facial derm" seems to
indicate that the condition complained of is dermatitis, or skin
inflammation.  The plaintiff alleges that he has been diagnosed
with "Facial Derm" three times by three different doctors at
previous correctional institutions.  Compl. at 3, 6.  The Court
can infer that the plaintiff alleges that the razor is a
treatment for his skin condition because the plaintiff alleges
that the defendants refused to give the plaintiff alternative
treatments for his skin condition.  Compl. at 6.  Even assuming
an electric razor is a "treatment" for the plaintiff's skin
condition, the plaintiff has not alleged that his condition
requires such treatment because he has failed to allege that, for
example, alternatives to using an electric razor, such as growing
a beard, would be insufficient for his condition or that a

physician has told the plaintiff that using an electric razor is
medically necessary to treat his condition.

Furthermore, the plaintiff has failed to allege facts
that plausibly suggest that his injury is of the level that would
cause a lay person to recognize the need for treatment.  The
plaintiff has alleged symptoms of general pain from shaving with
a blade razor.  Compl. at 6.  These allegations, without more,
are well below the Third Circuit's standard of "life-long
handicap or permanent loss."  Lanzaro, 834 F.2d at 347.  Because
the plaintiff has not alleged that an electric razor is a
required treatment for his condition and the plaintiff has failed
to allege a sufficiently serious injury, the plaintiff has failed
to allege an objective "serious medical need."

In addition to alleging a serious medical need, a
plaintiff must also allege deliberate indifference to the serious
medical need to state a claim under the Eighth Amendment.  The
Supreme Court explained that the "deliberate indifference"
standard requires prison officials to make a subjective inference
concerning the substantial risk of harm from delayed or
inadequate treatment.  Farmer v. Brennan, 511 U.S. 825, 837
(1994)  ("[T]he [prison] official must both be aware of facts
from which the inference could be drawn that a substantial risk
of serious harm exists, and he must also draw the inference.")

7

The plaintiff has not alleged that the moving defendants were aware of facts from which an inference of a substantial risk of serious harm could be drawn, let alone that such an inference was actually drawn.  The plaintiff has alleged that he informed defendants that he had "a condition medically referred to as 'Facial Derm'" and that he was approved to have an electric razor.  Compl. at 3.  However, the plaintiff has alleged no symptoms or other factual allegations that could plausibly suggest that the defendants inferred substantial risk of serious harm.  Therefore the plaintiff has failed to allege that the moving defendants were deliberately indifferent to the plaintiff's skin condition.

B.   Fourth and Fourteenth Amendments

The Court will dismiss the plaintiffs' allegation of Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983.  Aside from medical claims alleged under the Eighth Amendment, the plaintiff has also alleged that his razor was confiscated by Sgt. Currant.  Compl. at 3.  The Court infers from the plaintiff's complaint that the plaintiff alleges that this confiscation was an unreasonable search and seizure of his razor under the Fourth Amendment and the plaintiff has been deprived of his property without due process of law under the Fourteenth

Amendment.  To the extent that an unreasonable search is alleged, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."  Hudson v. Palmer, 468 U.S. 517, 526 (1984); Doe v. Delie, 257 F.3d 309, 316 (3d. Cir. 2001).  In addition, the plaintiff failed to state a Fourteenth Amendment due process claim based on the deprivation of personal property because prison grievance procedures provided an adequate post-deprivation remedy.  See Hudson, 468 U.S. at 533; Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 421 (3d. Cir. 2000).  As noted above, the plaintiff filed a grievance with Knauer, the chief correctional health care administrator, who denied the grievance.  The plaintiff then filed a grievance with Warden DiGuglielmo and then appealed the warden's denial to Burk, the chief appeal and grievance coordinator in the Department of Corrections.  The Court is satisfied that the prison's grievance program was suitable to correct an erroneous or incorrect taking without "any undue burden on a prisoners' rights."  Id. at 422.

Even considering the plaintiff's status as a pro se litigant, the plaintiff has failed to state a claim for which relief can be granted for a Fourth, Eighth, or Fourteenth Amendment claim under 42 U.S.C. § 1983.

An appropriate Order follows.

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMAL BARR                    :        CIVIL ACTION
                              :
                              :
          v.                  :
                              :
                              :
JULIE KNAUER, et al.          :        NO. 07-2888


ORDER


AND NOW, this 11th day of June, 2008, upon consideration of the moving defendants' motion to dismiss the plaintiff's complaint (Docket No. 14), IT IS HEREBY ORDERED that, for the reasons stated in the accompanying memorandum, the motion is GRANTED.  The case is dismissed as to moving defendants Felipe Arias, Frank Masino, and Gia Freeman.




                    BY THE COURT:


                    /s/ Mary A. McLaughlin
                    Mary A. McLaughlin, J.